IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HALL, #B-40832, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 10-cv-643-MJR |
| | ) |
| MS. ALLSUP, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Michael Hall, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Menard Correctional Center. Plaintiff is serving an 18-year sentence for home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and dismiss this action.

**The Complaint**

Plaintiff claims that Defendant Allsup, the Menard Law Librarian, intentionally withheld his legal documents and copies intended to be sent to the Court, for seven weeks, without Plaintiff's permission.  Plaintiff asserts that these actions have denied him access to an attorney and the Court.  He also claims that Defendant Allsup has a "Dorothy Brown envelope" and refuses to return it.  Plaintiff seeks damages in the amount of $7,000 for the seven weeks his papers were withheld.

The complaint was filed on August 19, 2010.  Plaintiff later submitted several documents which were filed on August 27, 2010, as a "supplement" to the complaint (Doc. 4).  These included a letter to a judge unrelated to this case, and another to the Clerk of Court, laced with

profanities, inquiring about documents Plaintiff had mailed. None of these documents shed any additional light on the allegations in the complaint, nor were they structured in the form of a motion for relief. Accordingly, they shall be returned to Plaintiff and shall receive no further consideration.

Plaintiff is warned that he must refrain from using offensive or profane language in his communications with the Court, and that any future requests for relief must be in the form of a motion or other pleading. *See Disher v. Citigroup Global Mkts., Inc.*, 486 F. Supp. 2d 790, 794 n.2 (S.D. Ill. 2007). Any submissions that do not comply with these requirements shall be returned to Plaintiff. The use of profanity may result in sanctions being imposed. *See Kelly v. Null*, Nos. 07–cv-339-GPM, 08-cv-322-GPM, 2009 WL 4065040 (S.D. Ill. Nov. 23, 2009).

## Discussion

In contrast to several of Plaintiff's earlier-filed complaints,[1] the instant complaint is refreshingly brief. However, in his brevity, Plaintiff has failed to include the necessary allegations to state a constitutional claim for deprivation of access to the courts or to an attorney.

The Court notes that Plaintiff's failure in this complaint to fully disclose his previously filed cases would alone be grounds for dismissal. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g),

---

[1] Plaintiff has filed five other actions in this district; two of which survived threshold review (*Hall v. IDOC*, 10-cv-214-MJR-SCW; and *Hall v. Thomas*, 10-cv-633-JPG-PMF). Two have been dismissed (*Hall v. Reynolds*, 10-cv-491-GPM (failure to comply with court order); and *Hall v. Gardener*, 10-cv-539-GPM (failure to state a claim)). One awaits threshold review (*Hall v. Randle*, 10-cv-642-MJR). Notably, Plaintiff listed only *Hall v. IDOC*, 10-cv-214, in the "Previous Lawsuits" section of the instant complaint, and omitted any mention of the other four actions. Plaintiff also neglected to disclose *Hall v. Brown*, 10-c-4315 (N.D. Ill, filed July 12, 2010), which was also pending in another district at the time he filed the instant case.

and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide an accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, No. 10-1619, 2011 WL 167032 (7th Cir. Jan. 20, 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In this case, however, the Court finds it more appropriate to address the merits of the complaint.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

Plaintiff has failed to allege that he has suffered any prejudice due to Defendant holding his legal papers for seven weeks. Clearly, Plaintiff was able to file five lawsuits in this Court prior to filing the instant case. He subsequently filed nine additional actions.

Furthermore, Plaintiff has not identified which of his numerous cases was affected by his documents being held up, let alone how he was prejudiced by the delay. An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

Although Plaintiff asserts that Defendant has also denied him access to an attorney, he fails to explain how Defendant's actions have had this result. Plaintiff does not state whether he has current representation by any attorney or whether he was seeking representation, and he does not name the attorney involved. A mere conclusory statement is not sufficient to make out a constitutional claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Plaintiff's statement that Defendant Allsup "has a Dorothy Brown envelope of Plaintiff and refuse[s] to return it" might echo some of the allegations of interference with mail that formed the basis for his pending action in *Hall v. IDOC*, 10-cv-214-MJR-SCW. The Court presumes that Plaintiff is referring to Dorothy Brown, the Clerk of the Cook County Court, who was referenced in *Hall v. IDOC*. However, Plaintiff again fails to include sufficient information to state a constitutional claim. Plaintiff does not state whether the envelope was intercepted in either incoming or outgoing mail, or whether Plaintiff previously had it in his possession and turned it over to Defendant for some purpose. Plaintiff's statement, without more, is insufficient to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint fails to state a claim upon which relief can be granted, and thus is **DISMISSED** without prejudice.

The Clerk is directed to return to Plaintiff his original documents filed as Document 4 in

this case.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Accordingly, the Clerk of Court shall **CLOSE THIS CASE AND ENTER JUDGMENT**.

**IT IS SO ORDERED.**

**DATED March 28, 2011.**

        **/s/ MICHAEL J. REAGAN**
        _____
        **Michael J. Reagan**
        **United States District Judge**